IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YVES MICHEL VICTOR,<br>    Petitioner | : <br> : <br> : | |
| v. | : <br> : <br> : | No. 02-CV-04100(MMB) |
| KENNETH J. ELWOOD,<br>DISTRICT DIRECTOR,<br>INS,<br>    Respondent | : <br> : <br> : <br> : <br> : <br> : | |

GOVERNMENT'S RESPONSE TO PETITION
FOR WRIT OF HABEAS CORPUS

I.  INTRODUCTION

This is an alien habeas corpus case. The petitioner, Yves Michel Victor ("Victor"), is a native and citizen of Haiti. The immigration file (or "A") number, A40 135 330, on the face of the petition suggests that Victor was once a lawful resident alien of the United States.

Victor's petition alleges that he was convicted of larceny in New York in 2000. Subsequent to that conviction he departed the United States. Upon attempting to reenter, Victor was detained by inspectors of the Immigration & Naturalization Service (INS) as an alien not "clearly

entitled" to enter; see 8 U.S.C. § 1225(b)(2).[1] This was because of Victor's convictions, which are grounds of inadmissibility. See 8 U.S.C. § 1182(a)(2)(A)(providing that aliens convicted of "crimes involving moral turpitude" are inadmissible to the United States). This ground of inadmissibility applies whether the alien is a first-time applicant for admission, or a returning permanent resident like Victor.[2]

---

[1] Subsection 235(b)(2)(A) of the Immigration & Nationality Act (INA) provides:
(2) Inspection of other aliens
(A) In general
Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.
8 U.S.C. § 1225(b)(2)(A)(West 2000).

[2] Prior to the 1996 amendments to the INA, an alien like Victor would be "deportable" following convictions if he were in the United States, but "excludable" if he departed and was seeking reentry. The 1996 amendments changed that distinction to "deportable" and "inadmissible," and redefined the terms in ways which are not relevant here. The terms are interchangeable in the context of detention during removal proceedings, and the Supreme Court has reaffirmed (in June 2001) that the "deportable" alien has a substantive liberty interest superior to that of the "excludable/inadmissible" alien. See Patel v. Zemski, 275 F.3d 299, 309 (3d Cir. 2001)

Victor was placed in removal proceedings pursuant to 8 U.S.C. § 1229a; he was at all times represented by a lawyer. In a hearing before the Immigration Judge on July 19, 2002, Victor (through counsel) asked to withdraw his application for admission, and return to Haiti at his own expense; see 8 U.S.C. § 1225(a)(4).[3] The application was granted. This withdrawal has the effect of obviating a final order of removal, and is essentially a grant of voluntary departure. The Immigration Judge granted the application; Victor departed the United States on August 8, 2002.[4]

Victor filed the instant habeas petition on June 26, 2002. The petition complains solely of his "mandatory

---

(acknowledging that in the detention paradigm "excludable aliens have traditionally been afforded less constitutional protection than deportable aliens"). Although the inadmissible alien's liberty interest is not yet precisely defined, Victor's departure moots the argument so far as he is concerned.

[3] 8 U.S.C. § 1225(a)(4) provides that "[a]n alien applying for admission may, in the discretion of the Attorney General and at any time, be permitted to withdraw the application for admission and depart immediately from the United States."

[4] The facts surrounding Victor's withdrawal of his application are taken from the affidavit of INS Attorney Maureen Gaffney, which affidavit must be submitted separately by *praecipe* under the new electronic filing system.

detention" under 8 U.S.C. § 1226(c). (Curiously, the filing is a *pro forma* "prisoner petition" and was not drafted nor submitted by his attorney.) Because Victor's departure constitutes complete relief for Victor's petition, there is no longer a "controversy" and this Court must dismiss it for lack of subject-matter jurisdiction.

II. ARGUMENT

Absent a "live" case or controversy, this Court should dismiss the petition pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject-matter jurisdiction. See U.S.Const. Art. 3, § 2, cl. 1; North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); Ruocchio v. United Transp. Union, Local 60, 181 F.3d 376, 382 n.8 (3d Cir. 1999). An alien whose petition challenges physical detention is afforded complete relief when he is deported. Article III courts are precluded from ruling on wholly abstract matters, and there must be a live, ongoing dispute between the parties at all stages of the litigation. County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001). Absent a live dispute, the Court can grant no effective relief, and this power to grant effective relief is the touchstone of a case or controversy, and thus a

requisite for jurisdiction under Article III. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996)).

III. CONCLUSION

      For the foregoing reasons, the petition should be dismissed.

                              Respectfully,

                              PATRICK L. MEEHAN
                              United States Attorney

_____
                              JAMES G. SHEEHAN
                              Assistant United States Attorney
                              Chief, Civil Division

                              _____
                              STEPHEN J. BRITT
                              Assistant United States Attorney

Dated: August 12, 2002

## *Certificate of Service*

I certify hereby that on the 12th day of August, 2002, I personally served a copy of the attached Government's Response To Petition for Writ of Habeas Corpus, addressed to:

      Yves Michel Victor    A40 135 330
      c/o Kent J. Frederick, District Counsel
      USINS
      1600 Callowhill Street
      Philadelphia  PA       19130-4195

by first class mail service upon petitioner.

      _____
      STEPHEN J. BRITT
      Assistant United States Attorney
      Suite 1250, 615 Chestnut Street
      Philadelphia, PA 19106-4476
      (215) 861-8443
      (215) 861-8642     telecopier